IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bobby Mason Livingston,<br><br>    Plaintiff,<br><br> vs.<br><br>GoodLeap, LLC f/k/a Loanpal, LLC,<br><br>    Defendant. | Civil Action No. _____<br><br>**Notice of Removal** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; 28 U.S.C. § 121(11); and Local Civil Rule 3.01, Defendant GoodLeap, LLC f/k/a Loanpal, LLC ("GoodLeap") files this Notice of Removal to remove this civil action from the South Carolina Court of Common Pleas Fifteenth Judicial Circuit, Horry County, where it was filed as Case No. 2022-CP-2605847 (the "State Court Action"), to the United States District Court for the District of South Carolina, Florence Division. GoodLeap files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court, including any rights related to the misidentification of GoodLeap in this action. In support of this Notice of Removal, GoodLeap states as follows:

COMMENCEMENT OF THE ACTION

1. On or about September 15, 2022, Plaintiff Bobby Mason Livingston ("Plaintiff")[1] filed a Complaint in the Court of Common Pleas Fifteenth Judicial Circuit, in the civil action captioned *Bobby Mason Livingston v. GoodLeap, LLC f/k/a Loanpal, LLC.* True and correct copies

---

[1] While the Complaint refers to both "Plaintiffs" and "Plaintiff" throughout the filing, the only named plaintiff is Bobby Mason Livingston.

of all process and pleadings for this matter are attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

2.     The Complaint contains allegations regarding the actions of a third-party for which Plaintiff asserts GoodLeap is liable under the FTC holder rule and pursuant to the holder language in the contract Plaintiff entered with GoodLeap for the financing of solar panels, ("the Loan Agreement"). (*See* Compl. ¶ 2.)  Plaintiff seeks statutory damages, actual damages, treble damages, and punitive damages.  (*See* Compl. ¶ 16, 23, 30, and at prayer.)

3.     GoodLeap received the Summons and Complaint in the State Court Action via certified mail on September 19, 2022. This Notice of Removal is timely because it is being filed pursuant to the provisions of 28 U.S.C. § 1446(b)(1), within thirty days after service upon GoodLeap.

4.     The United States District Court for the District of South Carolina, Florence Division, is the federal judicial district encompassing the Court of Common Pleas Fifteenth Judicial Circuit, where this suit was originally filed.  Removal to this District is, therefore, proper under 28 U.S.C. § 1441(a).

5.     A true and correct copy of this Notice of Removal is being filed with the Clerk of Court in the State Court Action, as provided under 28 U.S.C. § 1446(d), and written notice of such is being served on Plaintiff.

STATUTORY BASIS FOR JURISDICTION

6.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different

States[.]" 28 U.S.C. § 1332(a)(1).  As discussed in more detail below, this action satisfies both statutory requirements for diversity jurisdiction.

## COMPLETE DIVERSITY OF CITIZENSHIP OF THE PARTIES

7. This action is of a civil nature and involves a controversy wholly between citizens of different states.

8. The Complaint alleges that "Plaintiff is a citizen and resident of State of South Carolina, County of Horry." (*See* Compl. ¶ 1.)  Upon information and belief, Plaintiff is domiciled in Horry County, South Carolina.

9. Plaintiff named GoodLeap as defendant and described it as a "limited liability company organized and existing pursuant to the laws of one of the states of the United States of America and does business in Horry County, South Carolina. (Compl. ¶ 2.)  Goodleap is a limited liability company existing by virtue of the laws of the State of California that has its principal place of business located in California. None of the members of GoodLeap are citizens or residents of South Carolina.

10. Accordingly, complete diversity of citizenship exists between the proper parties, Plaintiff and GoodLeap.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11. When the aggregate damages claimed by a party exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied.  28 U.S.C. § 1332(a).  "Generally, 'the sum claimed by a plaintiff in [the] complaint determines the jurisdictional amount.*" O'Neal v. Quicken Loans, Inc.*, No. 1:15-cv-03712, 2016 WL 1553554, at *2 (D.S.C. April 18, 2016).  When the complaint does not specify an amount of damages, a court may consider a plaintiff's claims in the complaint, the notice of removal filed with the federal court, and other relevant

3

materials in the record. *See Hermanson v. Bi-Lo, LLC*, No. 3:20-CV-03956, 2021 WL 4147113, at *2 (D.S.C. Aug. 31, 2021); *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

12.     While attorneys' fees are generally not included in the amount in controversy, they are included when a plaintiff seeks attorneys' fees pursuant to statute. *See Francis v. Allstate Ins. Co.,* 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees." (quotation omitted)); *see also Phillips v. Whirlpool Corp.,* 351 F. Supp. 2d 458, 462 (D.S.C. 2005) ("It is relatively clear that where statutory provisions authorize the recovery of attorneys' fees, those fees may be included as part of the amount in controversy.").

13.     Treble damages and punitive damages are included in the amount in controversy. *See, e.g.*, *R.I. Jordan Oil Co. of N.C. v. Boardman Petroleum*, 23 F. App'x. 141, 145 n.3 (4th Cir. 2001) (considering treble damages in determining the amount in controversy); *Smalls v. Credit Acceptance Corp.*, No. 9:16-CV-01954-CWH, 2017 WL 11311516, at *1 (D.S.C. Mar. 23, 2017) (finding the amount in controversy exceeded $75,000.00 where the loan at issue plus the finance charge amounted to $20,863.36 and the plaintiff sought treble damages under a civil penalty up to $1,000.00 per violation under SCCPC); *See Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"); *Barker v. Wash. Nat'l Ins. Co.*, No. 9:12-cv-1901, 2013 WL 1767620, at *2 (D.S.C. Apr. 24, 2013) (holding that the amount in controversy was satisfied

4

when actual amount in controversy at the time of removal was approximately $40,000 but plaintiff also sought punitive damages, attorney's fees, and costs); *see also Hermanson*, 2021 WL 4147113, at *2.

14.    The Complaint neither specifies the amount of recovery sought nor does it limit Plaintiff's recovery.  As explained below, however, Plaintiff places more than $75,000 in controversy pursuant to his requests for actual damages, punitive damages, treble damages, and statutory attorneys' fees for the alleged breach of contract, violations of the South Carolina Consumer Protection Code's ("SCCPC"), violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"), and fraud.

15.    Plaintiff alleges he is "entitled to recover against Defendant actual damages of purchase price, discharge of all monies paid to Defendant including all interest and fees, discharge of any amounts still owed to Defendant, plus other incidental and consequential damages, statutory damages of up to $1,000, plus costs and attorneys' fees under the South Carolina Consumer Protection Code." (Compl. ¶ 16.)  Plaintiff seeks punitive damages for fraud (Compl. ¶ 23), as well as treble damages and statutory attorneys' fees pursuant to SCUPTA (Compl. ¶ 30).

16.    Defendant does not concede that Plaintiff is entitled to any damages, or that the FTC Holder Rule permits such a recovery, but the allegations of the Complaint bring this case within the jurisdictional amount for diversity removal.  Plaintiff financed the purchase price of $50,000 and agreed to payments totaling $66,969 (*See* Exhibit B, Loan Agreement), and his Complaint places these amounts in controversy, as noted above.  Trebling this amount easily exceeds the amount-in-controversy threshold of $75,000.  Adding an attorneys' fee of $10,000 (which would represent 20 hours of work at $500 per hour, or 40 hours at $250 per hour) likewise places an amount in controversy exceeding the jurisdictional threshold.  Adding a punitive

5

damages award of $10,000 does the same.  Thus, while the Complaint does not expressly state an amount, the allegations of the Complaint clearly place more than $75,000 in controversy.

## CONCLUSION

WHEREFORE, notice is hereby given that the action captioned *Bobby Mason Livingston v. GoodLeap, LLC f/k/a Loanpal, LLC.*, Case No. 2022-CP-2605847 is removed from the Court of Common Pleas Fifteenth Judicial Circuit to the United States District Court for the District of South Carolina, Florence Division based on diversity jurisdiction. *See* 28 U.S.C. § 1332, 1441 and 1446.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: */s/ Madison Guyton*
B. Rush Smith III
Federal Bar. No. 5031
E-Mail: rush.smith@nelsonmullins.com
Madison C. Guyton
Federal Bar No. 13619
E-Mail: madison.guyton@nelsonmullins.com
1320 Main Street/17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

*Attorneys for GoodLeap, LLC*

Columbia, South Carolina
October 19, 2022

6