# EXHIBIT A

# Process and Pleadings

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/19/2022
CT Log Number 542328793

## Service of Process Transmittal Summary

**TO:**  Maria Mellott
GOODLEAP, LLC
150 PROGRESS STE 200
IRVINE, CA 92618-0346

**RE:**  **Process Served in South Carolina**

**FOR:**  GOODLEAP, LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bobby Mason Livingston vs. GoodLeap, LLC |
| **CASE #:** | 2022CP2605847 |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 09/19/2022 |
| **JURISDICTION SERVED:** | South Carolina |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Maria Mellott  maria@goodleap.com |
| | Email Notification,  Jay Laifman  jlaifman@loanpal.com |
| | Email Notification,  David Dixon  ddixon@loanpal.com |
| | Email Notification,  Yessica Manjarrez  ymanjarrez@goodleap.com |
| | Email Notification,  Crystal Canonigo  ccanonigo@goodleap.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 2 Office Park Court |
| | Suite 103 |
| | Columbia, SC 29223 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

KELAHER, CONNELL & CONNOR, P.
Post Office Drawer 14547
Surfside Beach, SC 29587

**CERTIFIED MAIL**



7022 0410 0002 5683 8130

FIRST-CLASS

US POSTAGE (IMI) PITNEY BOWES

ZIP 29575
02 7H
0001268182    SEP 16 2022

$ 008.06⁰

GoodLeap, LLC
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, SC  29223

# KELAHER, CONNELL & CONNOR, P.C.

ATTORNEYS AT LAW

SUITE 209

THE COURTYARD

1500 U.S. HIGHWAY 17 NORTH

P.O. DRAWER 14547

SURFSIDE BEACH, SOUTH CAROLINA 29587

EDWARD T. KELAHER*
GENE M. CONNELL, JR.
L. SIDNEY CONNOR, IV
LISA POE DAVIS
*OF COUNSEL

AREA CODE 843
238-5648
FAX: 238-5050

September 15, 2022

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

GoodLeap, LLC
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, SC  29223

> **Re:     Bobby Mason Livingston v. GoodLeap, LLC**
> **Case No.:  2022-CP-26-05847**

To Whom It May Concern:

Enclosed please find a Summons and Complaint which we hereby serve upon you this date as agent for GoodLeap, LLC.

Very Truly Yours,

L. Sidney Connor, IV

LSCIV:lb

Enclosure

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT
C/A NO. 2022-CP-26- O5847

Bobby Mason Livingston,

Plaintiff,

vs.

GoodLeap, LLC f/k/a Loanpal, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)

**SUMMONS**
**(Breach of Contract/Referral**
**Sale/Fraud/Unfair Trade Practices)**

**JURY TRIAL DEMANDED**

## TO:    THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at his or their office at Suite 209, The Courtyard, 1500 U.S. Highway 17 North, Post Office Drawer 14547, Surfside Beach, South Carolina 29587 within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

s/L. Sidney Connor, IV
S.C. Bar No.: 1363
KELAHER, CONNELL & CONNOR, P.C.
Post Office Drawer 14547
Surfside Beach, SC  29587
T (843) 238-5648
sconnor@classactlaw.net
**ATTORNEY FOR PLAINTIFF**

September 15, 2022

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| | **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | **C/A NO. 2022-CP-26-_____** |



Bobby Mason Livingston,  )
                              )
                Plaintiff,  )
                              )
    vs.  )
                              )
GoodLeap, LLC f/k/a Loanpal, LLC,  )
                              )
             Defendant.  )
                              )

**COMPLAINT**
**(Breach of Contract/Referral Sale/**
**Fraud/Unfair Trade Practices)**

**JURY TRIAL DEMANDED**

The Plaintiff, complaining of the Defendant herein, would show and allege unto this Honorable Court as follows:

1.     The Plaintiff is a citizen and resident of State of South Carolina, County of Horry.

2.     The Defendant GoodLeap, LLC f/k/a Loanpal, LLC is a limited liability company organized and existing pursuant to the laws of one of the states of the United States of America and does business in Horry County, South Carolina and is sued in its individual capacity and as a holder in due course of the consumer credit contract issued for the sale of the solar panels at issue in this case.   GoodLeap is liable to the Plaintiff under the FTC holder rule and pursuant to the holder language in the Retail Installment Sales Contract.

3.     The Defendant claims that the Plaintiff entered into a contract on December 30, 2020, with the Defendant for the financing of solar panels.

4.     The Plaintiff denies the agreement in its entirety.

2

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

5.    The finance document was executed by the solar panel sales company to finance the purchase of solar panels.

## FOR A FIRST CLAIM
### (Breach of Contract)

6.    The allegations of Paragraph Nos. 1–5 are incorporated as if fully set forth herein.

7.    Plaintiff would show that the solar panels have not performed as promised,  The Plaintiff has suffered actual damages as a result of the Defendant's breach of contract.

8.    There is implied in every contract a covenant of good faith and fair dealing which was broken.

9.    Plaintiff prays for actual damages, plus other incidental consequential damages, and attorney's fees.

## FOR A SECOND CLAIM
### (Referral Sale)

10.    The allegations of Paragraph Nos. 1–9 are incorporated as if fully set forth herein.

11.    As an inducement to purchase solar panels from Seller, the Seller offered Plaintiffs enrollment in a "Marketing Reward Program" "for the purposes of promoting the Viable Energy Solutions brand through setting up HOA meetings, meeting with neighbors, BBQs or events for neighbors or associations, marketing through employer HR and any other efforts associated with opportunities for Viable Energy Solutions" to make sales to other people.

3

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

12.     As part of the marketing rewards program, Seller offered to pay Plaintiffs $2,500 contingent upon future completion of the solar panel system and interconnection by Plaintiffs' utility company.

13.     As a further inducement to purchase solar panels from Seller, the Seller also offered to pay Plaintiffs $500 for each future customer of Seller acquired from advertising featuring Plaintiffs' home and $1,250 for each future customer of Seller referred by Plaintiffs.

14.     Seller's offer to pay Plaintiffs for future marketing and referrals, contingent on future events, as an inducement to purchase solar panels from Seller constitutes an illegal referral sale.

15.     Under the FTC Holder Rule, state law, and language in the contract, Defendant is liable to Plaintiffs for the Seller's engagement in an illegal referral sale.

16.     As a result, Plaintiffs are entitled to rescind the agreements with Seller and Defendant and receive a full refund of all monies paid or, at Plaintiffs' option, Plaintiffs are entitled to retain the solar panels without any obligation to pay for them. In addition, Plaintiffs are entitled to recover against Defendant actual damages of purchase price, discharge of all monies paid to Defendant including all interest and fees, discharge of any amounts still owed to Defendant, plus other incidental and consequential damages, statutory damages of up to $1,000, plus costs and attorneys' fees under the South Carolina Consumer Protection Code.

## FOR A THIRD CLAIM
### (Fraud)

17.     The allegations of Paragraph Nos. 1–16 are incorporated as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

18.    The solar panel sales company and GoodLeap and their officers, agents, and employees made representations to the Plaintiff that were not true, including but not limited to the following:

a.    In representing to the Plaintiff as a statement of fact that the solar panelsbeing installed would produce sufficient electricity to cause the Plaintiff's electric bills to go to zero or near zero;

b.    In representing as a fact that the total costs of the solar panel system would save the Plaintiff many thousands of dollars over the coming years when the Defendant intentionally did not account for the depreciation in the system, the costs of repairs, the average life of the system, increased maintenance costs, and the interest on the loan;

c.    In representing that the average annual increases in electric bills would be a certain amount when in fact this is not historically accurate and there is no foundation to believe that this will be true into the future;

d.    In comparing resale prices of homes in other areas with bright sunshine nearly all year and with very high electric rates when South Carolina is not a comparable state because there are more cloudy days and cold days and the electric rates are lower than the comparables used by the Defendant;

e.    In stating "Energy prices are projected to increase every year" when in fact there have been many years where energy prices have been flat from year to year and when in fact there is no standard projection as to the future of energy prices;

f.    In stating that "A solar investment protects you from these changing prices" when in fact this is a factually incorrect statement because of the increased price in solar maintenance, the depreciation of the system, the replacement costs of the system, the average useful life of the system, and the interest rates built into the loan program to purchase the solar panels;

g.    In stating "With today's rate locked in, your solar investment will keep generating more and more value in the future" when in fact the opposite is true because the solar panels will depreciate over time and generate less electricity and cost more to maintain and to replace;

5

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

h. In claiming that "Multiple studies have shown that homes with solar panel systems are valued and sold at prices above similar homes in their area," when in fact, there are no such results, and the studies which do exist actually prove the opposite;

i. In representing a first-year production for the panel system when in fact there is no basis whatsoever for this claim and in fact the system resulted in little or no production of kilowatts and little or no savings to the Plaintiff;

j. In representing that this system was suitable for the Plaintiff, when in fact it is not suitable for the Plaintiff;

k. In executing a finance agreement for the Plaintiff without his permission or authority;

l. In taking a 28% discount on the finance agreement without disclosing the discount to the Plaintiff or giving the Plaintiff the option of paying cash or obtaining other financing;

m. In fraudulently entering the Plaintiff into two separate finance agreements for the same solar panels.

19. These representations were material to the Plaintiff's decision to enter into the contract.

20. Plaintiff was unaware of the falsity of these representations.

21. The representations were relied upon by the Plaintiff and the Plaintiff was ignorant of their falsity.

22. Plaintiff had a right to rely on these representations and Plaintiff did in fact rely on the representations to Plaintiff's detriment and the representations induced Plaintiff to purchase the system in question.

23. The Plaintiff has suffered actual damages and requests actual damages, plus punitive damages for the Defendant's fraud.

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

## FOR A FOURTH CLAIM
## (Unfair Trade Practices)

24. The allegations of Paragraph Nos. 1–23 are incorporated as if fully set forth herein.

25. The Plaintiff would show that the Defendant is subject to the South Carolina Unfair Trade Practices Act.

26. Plaintiff would show that the Defendant has violated the South Carolina Unfair Trade Practices Act in numerous particulars, including but not limited to, the following:

a. In representing to the Plaintiff as a statement of fact that the solar panelsbeing installed would produce sufficient electricity to cause the Plaintiff's electric bills to go to zero or near zero;

b. In representing as a fact that the total costs of the solar panel system would save the Plaintiff many thousands of dollars over the coming years when the Defendant intentionally did not account for the depreciation in the system, the costs of repairs, the average life of the system, increased maintenance costs, and the interest on the loan;

c. In representing that the average annual increases in electric bills would be a certain amount when in fact this is not historically accurate and there is no foundation to believe that this will be true into the future;

d. In comparing resale prices of homes in other areas with bright sunshine nearly all year and with very high electric rates when South Carolina is not a comparable state because there are more cloudy days and cold days and the electric rates are lower than the comparables used by the Defendant;

e. In stating "Energy prices are projected to increase every year" when in fact there have been many years where energy prices have been flat from year to year and when in fact there is no standard projection as to the future of energy prices;

f. In stating that "A solar investment protects you from these changing prices" when in fact this is a factually incorrect statement because

7

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

of the increased price in solar maintenance, the depreciation of the system, the replacement costs of the system, the average useful life of the system, and the interest rates built into the loan program to purchase the solar panels;

g. In stating "With today's rate locked in, your solar investment will keep generating more and more value in the future" when in fact the opposite is true because the solar panels will depreciate over time and generate less electricity and cost more to maintain and to replace;

h. In claiming that "Multiple studies have shown that homes with solar panel systems are valued and sold at prices above similar homes in their area," when in fact, there are no such results, and the studies which do exist actually prove the opposite;

i. In representing a first-year production for the panel system when in fact there is no basis whatsoever for this claim and in fact the system resulted in little or no production of kilowatts and little or no savings to the Plaintiff;

j. In representing that this system was suitable for the Plaintiff, when in fact it is not suitable for the Plaintiff;

k. In executing a finance agreement for the Plaintiff without his permission or authority;

l. In taking a 28% discount on the finance agreement without disclosing the discount to the Plaintiff or giving the Plaintiff the option of paying cash or obtaining other financing;

m. In fraudulently entering the Plaintiff into two separate finance agreements for the same solar panels; and

n. In offering a referral fee for referral of other clients.

27. These acts and omissions of the Defendant not only have the potential for repetition but in fact have been repeated in numerous cases in the sales process because these misrepresentations are standardized and actually encouraged by management. Many different people have been affected by the misrepresentations, lies, and deceit of the Defendant.

ELECTRONICALLY FILED - 2022 Sep 15 2:27 PM - HORRY - COMMON PLEAS - CASE#2022CP2605847

28.   The providing of energy for a home residence and the sale of allegedly energy saving products such as solar panels affect the public interest in that the sales of solar panels are supposed to affect the energy available to all customers throughout the energy system.  The acts and omissions of the Defendant affect the public interest.

29.   The acts and omissions of the Defendant was negligent, reckless, willful, wanton, intentional violations of the South Carolina Unfair Trade Practices Act.

30.   Plaintiff has suffered actual damages and prays for treble damages, plus costs and attorney's fees under the South Carolina Unfair Trade Practices Act.

WHEREFORE, having fully pled the complaint, Plaintiff prays for the relief requested herein and for such other and further relief as this Court may deem just and proper.

s/L. Sidney Connor, IV
S.C. Bar No.: 1363
KELAHER, CONNELL & CONNOR, P.C.
Post Office Drawer 14547
Surfside Beach, SC  29587
T (843) 238-5648
sconnor@classactlaw.net
**ATTORNEY FOR PLAINTIFF**

September 15, 2022